## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

In re: )
 )   **Chapter 11**
**FERRAIOLO CONSTRUCTION, INC.,** )   **Case No. 13-10164**
 )
Debtor. )

## NOTICE OF EXTENSION OF TIME TO EFFECT SUBSTANTIAL CONSUMMATION OF PLAN OF REORGANIZATION AND, TO THE EXTENT REQUIRED, MOTION FOR APPROVAL OF SUCH EXTENSION

Ferraiolo Construction, Inc., the above-captioned debtor and debtor-in-possession in these Chapter 11 proceedings (the "Debtor"), by and through its undersigned counsel, and hereby gives notice, pursuant to Article IX, § 9.11 of its confirmed Plan of Reorganization,, as amended by the subsequent Confirmation Order (as that term is defined below), of its election to modify the Plan by extending the time of Substantial Consummation of its confirmed Plan to and including Friday, September 20, 2013, and, to the extent required, moves for approval of such modification by the Court. In support thereof, the Debtor states follows:

### JURISDICTION

1.     On March 13, 2013 (the "Filing Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2.     The Debtor is a Maine corporation engaged in the businesses of road construction and commercial construction site work, sale of asphalt and concrete products, and related businesses. The Debtor owns multiple parcels of real estate, as well as machinery and equipment, that it uses to manufacture gravel, precast concrete forms and other items utilized in the construction business. Immediately prior to the Filing

Date, the Debtor became the successor by merger with two affiliates, Ferraiolo Precast, Inc. ("Precast") and Ferraiolo Corp. ("Corp"), each of which was engaged in a unified and integrated business enterprise with Debtor.

3.       This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334(b) and 1409(a), and Rule 83.6(a) of the Local Rules of the United States District Court for the District of Maine, pursuant to which all cases filed in Maine under Title 11 are automatically referred to this Court. This is a core proceeding; the Court has jurisdiction to enter a final order on this Motion pursuant to 28 U.S.C. § 157(b)(2)(A).

## GENERAL ALLEGATIONS AND ARGUMENT

4.       On May 2, 2013, the Court approved a certain Agreement Between Ferraiolo Construction, Inc., Certain Insiders of Ferraiolo Construction, Inc., and The Bank of Maine, for Support and Implementation of a Chapter 11 Plan of Reorganization for Ferraiolo Construction, Inc. and Related Matters (the "Plan Support Agreement") [D.E. # 89-1] by entry on that date of an order (the "Plan Support Order") [D.E. # 121].

5.       On or about June 7, 2013, the Debtor filed its Plan of Reorganization (the "Plan") [D.E. # 141] and an accompanying proposed disclosure statement.

6.       On August 21, 2013, this Court entered an Order Confirming Debtor's Plan of Reorganization Dated June 7, 2013 (the "Confirmation Order") [D.E. # 30]. The Confirmation Order both modified and confirmed the Plan. The Confirmation Order has become a Final Order, as that term is defined in the Plan.

7.       Under the Plan, "Substantial Consummation" for purposes of 11 U.S.C. § 1101(2) shall occur when, *inter alia,* "all documents and agreements required to be executed and delivered in connection with the Plan Support Agreement have been

executed and delivered by all necessary parties . . . ."

8.     The Plan, as modified by the Confirmation Order, also contemplates Substantial Consummation occurring by 5:00 p.m. on September 13, 2013 "or on such later date as may be agreed upon in writing by the Debtor and [Bank of Maine ("BOM")]."

9.     The Debtor believes that as of the date hereof, September 13, 2013, it and its principals have substantially complied with the Plan Support Agreement and the Plan, and have tendered performance as required by the Plan, such that Substantial Consummation should be deemed to have occurred under the Plan, on or prior to the date of this Motion.

10.     Upon information and belief, BOM asserts that the Debtor and/or its principals have not substantially complied with the Plan Support Agreement.  The Debtor, without waiving its contention that it has so complied, and has tendered performance as required thereunder, and further without waiving its right to compel performance by BOM under the Plan Support Agreement and the Plan, is engaged in negotiations with BOM to resolve by mutual agreement any remaining disputes the parties may have regarding compliance.

11.     Indeed, as of the date of this Motion, the parties appear to have resolved most, if not all, of the disputes between them regarding Substantial Consummation.

12.     Pursuant to Article IX, Section 9.11 of the Debtor's confirmed Plan, the Debtor may, because the Confirmation Date has occurred, modify the Plan "in such manner as may be necessary or appropriate to carry out the purposes and intent of the Plan, so long as the interests of holders of Claims and Interests are not materially and

adversely affected thereby".

13.     The interests of holders of Claims and Interests will not be materially and adversely affected by extending the deadline for Substantial Consummation to and including Friday, September 20, 2013.

14.     In view of the foregoing, and with a full reservation of its right to contend that it has substantially complied with the Plan Support Agreement and has tendered sufficient performance to constitute Substantial Consummation of the Plan, the Debtor (i) pursuant to Article IX, § 9.11 hereby modifies the Plan by establishing the deadline for substantial Consummation as Friday, September 20, 2013, or (ii) in the alternative, to the extent that pursuant to said § 9.11 of the Plan, or the provisions of 11 U.S.C. § 1127(b), authorization of the Court is necessary in order to so modify the Plan, the Debtor respectfully requests that the Court issue an order modifying the Plan such that the deadline for the Debtor to obtain Substantial Consummation shall be Friday, September 20, 2013, in order to allow for the opportunity to conclude negotiations between it and BOM regarding such matters.

## SERVICE OF THIS MOTION AND THE PROPOSED ORDER

15.     On September 13, 2013, the Notice Motion, proposed form of Order, and Notice of Hearing were served electronically on BOM, the Official Committee of Unsecured Creditors, the United States Trustee's Office, and all parties receiving notice through the Court's electronic filing system.  The Debtor hereby requests that this Court find that such service is sufficient notice to all parties in interest in this case.

## **CONCLUSION**

15.     For the foregoing reasons, the Debtor respectfully requests that this Court

enter an order:

A.     Finding that service of this Notice Motion and the Proposed Order as set forth above is adequate service of process under the circumstances of this case;

B.     To the extent required by Article IX, § 9.11 of the Plan and/or the provisions of 11 U.S.C. §1127, authorizing modification of the Plan as requested herein;

C.     Granting the Debtor such other and further relief as the Court deems just and proper.

Dated:  September 13, 2013                    FERRAIOLO CONSTRUCTION, INC.
                                              Debtor-In-Possession


                                              /s/ George J. Marcus
                                              George J. Marcus, Esq.
                                              David C. Johnson, Esq.
                                              Andrew C. Helman, Esq.

                                              MARCUS, CLEGG & MISTRETTA, P.A.
                                              One Canal Plaza, Suite 600
                                              Portland, ME  04101
                                              (207) 828-8000

                                              Attorneys for Debtor
                                              Ferraiolo Construction, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, Holly C. Pelkey, hereby certify that I am over eighteen years old and caused a true and correct copy of the above document, proposed Order and Notice of Hearing to be served electronically on the parties at the addresses set forth below on the 13th day of September, 2013.


/s/Holly C. Pelkey
Holly C. Pelkey
Legal Assistant

# Mailing Information for Case 13-10164

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Roger A. Clement, Jr.    rclement@verrilldana.com, nhull@verrilldana.com;bankr@verrilldana.com
- Michael A. Fagone    mfagone@bernsteinshur.com, acummings@bernsteinshur.com;astewart@bernsteinshur.com;sspizuoco@bernsteinshur.com;kquirk@bernsteinshur.com;kfox@bernsteinshur.com
- Michael A. Fagone    mfagone@bernsteinshur.com, acummings@bernsteinshur.com;astewart@bernsteinshur.com;sspizuoco@bernsteinshur.com;kquirk@bernsteinshur.com;kfox@bernsteinshur.com
- Jeremy R. Fischer    jfischer@dwmlaw.com, aprince@dwmlaw.com
- Jay S. Geller    jgeller@maine.rr.com
- Andrew Helman    ahelman@mcm-law.com, bankruptcy@mcm-law.com
- Andrew Helman    ahelman@mcm-law.com, bankruptcy@mcm-law.com
- Nathaniel R. Hull    nhull@verrilldana.com, bankr@verrilldana.com
- David C. Johnson    bankruptcy@mcm-law.com, djohnson@mcm-law.com
- David C. Johnson    bankruptcy@mcm-law.com, djohnson@mcm-law.com
- Curtis E. Kimball    ckimball@rudman-winchell.com, jphair@rudman-winchell.com;cderrah@rudmanwinchell.com
- Christopher S. Lockman    clockman@verrilldana.com, bankr@verrilldana.com
- George J. Marcus    bankruptcy@mcm-law.com
- George J. Marcus    bankruptcy@mcm-law.com
- John P. McVeigh    jmcveigh@preti.com, laholland@preti.com
- Stephen G. Morrell    stephen.g.morrell@usdoj.gov
- Office of U.S. Trustee    ustpregion01.po.ecf@usdoj.gov
- P. J. Perrino, Jr.    pjperrino@perrinolaw.com, jperrino@perrinolaw.com
- Jennifer H. Pincus    Jennifer.H.Pincus@usdoj.gov
- Richard R. Regan    rregan@mb-law.com, sue@mb-law.com;rreganmblaw@gmail.com;suemblaw@gmail.com
- U. Charles Remmel    cremmel@krz.com
- Timothy E. Steigelman    tsteigelman@krz.com
- Pamela W. Waite    pam.waite@maine.gov